IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DANA TURNER, <br><br>          Plaintiff, <br><br>     v. <br><br> UNITED AIRLINES, <br><br>          Defendant. | CIVIL ACTION NO.: 5:24-cv-23 |

**O R D E R**

Plaintiff filed a Motion for Reconsideration.  Doc. 7.  Plaintiff asks the Court to reconsider its May 14, 2024 Order directing her to pay the requisite filing fee, doc. 4.  Id.  Plaintiff states she had only been at her current job for three months at the time she filed her Complaint and had to pay the filing fee using a credit card.  Id.

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly."  Smith ex rel. Smith v. Augusta-Richmond County, No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted).  "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Id. (internal citation omitted).  "The only grounds for granting a Rule 59 motion are newly[]discovered evidence or manifest errors of law or fact."  Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)).  "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument[,] or present evidence that could

have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Court discerns no reason to grant Plaintiff's Motion and **DENIES** Plaintiff's Motion. Plaintiff fails to present any newly discovered evidence in support of her Motion, nor does she allege this Court's previously entered Order represents a manifest error of law or fact. The Court's ruling requiring Plaintiff to pay the filing fee was based on the information Plaintiff provided the Court at the time she moved for pauper status. Docs. 2, 4. In addition, Plaintiff does not show in her Motion she did not have the ability to pay the fee, which she did on June 4, 2024. The Court's May 14, 2024 Order remains the Order of the Court.

**SO ORDERED**, this 6th day of September, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA